**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **DUANE A. PARISH,** ) | **CASE NO. 1:14 CV 1004** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **PATRICK R. DONAHOE,** ) | **AND ORDER** |
| **POSTMASTER GENERAL,** ) | |
| ) | |
| **Defendant.** ) | |

### Introduction

Plaintiff *pro se* Duane A. Parish filed the above-captioned *in forma pauperis* action against the United States Postmaster General Patrick Donahoe. He seeks injunctive relief as well as compensatory damages and back pay.

### Facts

The Complaint alleges the following. Plaintiff is Black and was a career employee of defendant. Plaintiff was not properly trained for a "mounted route" and accidently hit a rural mail box. Plaintiff was terminated in April 2012. A White, non-career letter carrier who is a different age than plaintiff, also hit a mailbox but was not disciplined.

Plaintiff attaches to his Complaint an Equal Employment Opportunity Commission (EEOC)

decision dismissing an EEOC complaint he had filed with the agency, based on Title VII and the ADEA. The decision states that the agency properly dismissed the complaint on the basis that plaintiff had previously filed an identical complaint.

Plaintiff's Complaint herein alleges that defendant "wants to dismiss" his EEOC complaint for age and race discrimination, and that defendant has been retaliating against plaintiff for filing EEOC complaints as a union representative.

This matter is before the Court on *sua sponte* review of the *pro se* Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

**Discussion**

Exhaustion of administrative requirements is a precondition to filing a Title VII suit. *McFarland v. Henderson*, 307 F.3d 402 (6th Cir.2002). "Administrative exhaustion requirements for federal employees include: consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, filing an individual complaint of discrimination with the allegedly discriminatory agency, and receipt of a final agency decision." *Lockett v. Potter*, 259 Fed.Appx. 784 (6th Cir. 2008) (internal citations to the Code of Federal Regulations omitted) The employee may

appeal the agency's final decision to the EEOC within thirty days of that action. *Id.*

Plaintiff attaches the EEOC's decision affirming the agency's dismissal of his discrimination complaint on the basis that it was identical to an earlier filed complaint. The decision states that both complaints challenge plaintiff's termination and that the second complaint merely asserts that plaintiff discovered a second comparator who was not disciplined for the same actions for which plaintiff was terminated.

It appears that plaintiff's Complaint before this Court is challenging the EEOC decision given that he attaches that decision to his Complaint. But, plaintiff makes no allegations as to why the decision was erroneous. Plaintiff's Complaint addresses the underlying merits of his discrimination complaint. However, this Court has no way of knowing whether the agency has made a final decision on plaintiff's original discrimination complaint. If it has not, plaintiff's claim for discrimination has not been exhausted.

For these reasons, plaintiff's Motion to Proceed *In Forma Pauperis* is granted and the Complaint is dismissed without prejudice. Plaintiff may re-file the Complaint upon exhausting his administrative remedies. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 7/28/14    United States District Judge